ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **JAVIER RUIZ MARTÍNEZ HÉCTOR FIGUEROA LORENZO**<br><br>Apelantes<br><br>v.<br><br>**DISTRIBUIDORA LEBRÓN, INC.**<br><br>Apelado | KLAN202500201 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **MZ2020CV01136**<br><br>Sobre: Represalias y Despido Injustificado |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos el señor Javier Ruiz Martínez (Sr. Ruiz Martínez) y el señor Héctor Figueroa Lorenzo (Sr. Figueroa Lorenzo) (en conjunto, parte apelante) mediante un *Recurso de Apelación* en el que solicitan que revoquemos una *Sentencia Sumaria Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, (TPI) el 11 de febrero de 2025.[1] Por medio de esta determinación, el foro primario declaró Ha Lugar una *Solicitud de Sentencia Sumaria Parcial* radicada por la Distribuidora Lebrón, Inc. (Distribuidora Lebrón o parte apelada) y,[2] en su consecuencia, desestimó la causa de acción por represalias presentada en su contra.

Por su parte, la Distribuidora Lebrón radicó un *Alegato en Oposición a Apelación* el 14 de abril de 2025.

---

[1] Apéndice del recurso apelación, Anejo 5, págs. 120-129. Notificada y archivada en autos el 25 de febrero de 2025.
[2] *Íd.*, Anejo 4, págs. 20-119.

Por los fundamentos que discutiremos a continuación, confirmamos la *Sentencia Sumaria Parcial.*

**I.**

El caso de marras tiene su génesis el 19 de noviembre de 2020 cuando el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo radicaron una *Querella* en contra de la Distribuidora Lebrón en concepto de represalias[3] y despido injustificado,[4] bajo el procedimiento sumario.[5] Arguyeron que el Sr. Ruiz Martínez comenzó a trabajar en la Distribuidora Lebrón en mayo del año 2006 en el puesto de asistente de chofer de camiones de entrega sin tiempo determinado. Por otra parte, indicaron que el Sr. Figueroa Lorenzo comenzó a laborar en dicha empresa en agosto del año 2011 sin tiempo determinado como asistente de chofer de camiones de entrega y empleado de almacén.

En lo pertinente a la reclamación de represalias, expusieron en la *Querella* que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo habían instado unas reclamaciones judiciales en concepto de salarios en contra de la Distribuidora Lebrón el 21 de marzo de 2017 en el caso número ISCI201700305; y el 16 de abril de 2015 en el caso número ISCI201500466, respectivamente. Adujeron que, posteriormente, el 28 de marzo de 2020, la Distribuidora Lebrón los suspendió o cesanteó indefinidamente utilizando como pretexto la pandemia del Covid-19, empero no suspendió o cesó sus operaciones de distribución y entrega de alimentos. Como defensa afirmativa, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo expusieron que ambas reclamaciones instadas, y el hecho de que ofrecieron y/o

---

[3] *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 del 20 de diciembre de 1991 (Ley Núm. 115-1991), según enmendada, 29 LPRA secs. 194 *et seq.*

[4] *Ley sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976 (Ley Núm. 80-1976), según enmendada, 29 LPRA secs. 185a *et seq.*

[5] Apéndice del recurso apelación, Anejo 1, págs. 1-7; véase además, *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA secs. 3118 *et seq.*

intentaron ofrecer un testimonio ante un foro judicial en el caso I1CI201800120 constituyeron actividades protegidas por la Ley Núm. 115-1991, *supra*.

Por lo tanto, suplicaron del foro primario salarios no pagados, una suma no menor de cien mil dólares ($100,000.00) por concepto de daños y angustias mentales, más honorarios de abogado.

Ulteriormente, la Distribuidora Lebrón y Universal Insurance Company presentaron una *Contestación a Querella* el 16 de diciembre de 2020 en la que negaron que los pleitos sobre salarios y la citación de ambos empleados para declarar ante un tribunal no tuvieron consecuencias adversas en sus empleos.[6] Por el contrario, sostuvieron afirmativamente que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo fueron amonestados dado a conductas impropias hacia sus compañeros de trabajo, y que la Distribuidora Lebrón enfrentó una merma significativa en el volumen de trabajo que impactó inevitablemente las horas de trabajo asignadas a cada empleado.

Después de varios trámites procesales, la Distribuidora Lebrón radicó una *Solicitud de Sentencia Sumaria Parcial* el 14 de septiembre de 2022 donde propuso cuarenta y cinco (45) hechos materiales incontrovertidos.[7] Sostuvo que las admisiones que ofrecieron el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo en sus respectivas deposiciones constituyeron evidencia fehaciente de que estos no pudieron probar un caso *prima facie* de represalias. Adujo que no existía proximidad temporal entre las supuestas actividades protegidas en las cuales basaron dicha causa de acción y la alegada acción adversa en su contra, sus cesantías. La Distribuidora Lebrón adujo además que, ante la alegada inexistencia de proximidad temporal, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo tenían que

---

[6] Apéndice del recurso apelación, Anejo 2, págs. 8-19.
[7] *Íd.*, págs. 22-28.

demostrar que existían elementos adicionales para comprobar el nexo causal entre la actividad protegida y la acción disciplinaria adversa. Sin embargo, sostuvo que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo tampoco demostraron la existencia de estos elementos; a saber, (1) que fueron tratados de forma distinta a otros empleados; (2) que existió un patrón de conducta antagonista en su contra; (3) que las razones articuladas por el patrono para fundamentar su acción adversa están plagadas de inconsistencias, o (4) cualquier otra evidencia que obre en el expediente para establecer el elemento del nexo causal. *Feliciano Martes v. Sheraton*, 182 D.P.R. 368 (2011). Además, la Distribuidora Lebrón indicó que la reducción de la jornada laboral y la negativa al pago de horas no trabajadas no fueron en represalia.

El 27 de septiembre de 2022, el foro primario ordenó al Sr. Ruiz Martínez y al Sr. Figueroa Lorenzo a replicar dicha solicitud de sentencia sumaria dentro de un término de diez (10) días.[8]

Luego de varios trámites procesales, las partes radicaron un *Informe de Conferencia con Antelación al Juicio* el 30 de mayo de 2024 en el que la Distribuidora Lebrón indicó que la solicitud de sentencia sumaria parcial se encontraba pendiente para su adjudicación, y suplicó del TPI que la diera por sometida sin oposición para la evaluación de dicho foro.[9]

**Después de dos (2) años**, la Distribuidora Lebrón presentó una *Moción para que se dé por sometida, sin oposición, la Solicitud de Sentencia Sumaria Parcial presentada por las co-querelladas* el 18 de diciembre de 2024.[10] Por medio de esta, reiteró que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no presentaron oposición y, por ello, solicitó nuevamente del foro *a quo* que su solicitud de sentencia

---

[8] Apéndice del alegato en oposición al recurso de apelación, Anejo 1, pág. 1. Notificada y archivada en autos el 27 de septiembre de 2022.
[9] *Íd.*, Anejo 2, págs. 2-33.
[10] *Íd.*, Anejo 3, págs. 34-35.

sumaria parcial quedara sometida, sin oposición, conforme la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

El 8 de enero de 2025, el TPI emitió una *Orden* donde declaró Ha Lugar la petición para dar por sometida la solicitud de sentencia sumaria parcial sin oposición.[11]

Así las cosas, el foro primario emitió una *Sentencia Sumaria Parcial* el 11 de febrero de 2025 donde acogió los hechos y los fundamentos de la solicitud de sentencia sumaria parcial radicada por la Distribuidora Lebrón. Así, declaró Con Lugar la moción de sentencia sumaria, y, en su consecuencia, desestimó la causa de acción de represalias.

Inconformes, el 7 de marzo de 2025, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo presentaron un recurso de apelación ante nos y plantearon los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL ACOGER LA SOLICITUD [DE] SENTENCIA SUMARIA PARCIAL PRESENTADA POR LA PARTE QUERELLADA-APELADA Y DICTAR SENTENCIA SUMARIA EXISTIENDO HECHOS ESENCIALES Y SUSTANCIALES EN CONTROVERSIA, LOS CUALES AMERITAN LA CONCESIÓN DE UN JUICIO EN SU FONDO.**
>
> **SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA SUMARIA PARCIAL ACOGIENDO UNA SOLICI[T]UD DE SENTENCIA SUMARIA INSUFICIENTE.**
>
> **TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA SUMARIA PARCIAL DESESTIMANDO LA CAUSA DE ACCIÓN SOBRE REPRESALIAS (LEY 115, 1991), PRIVANDO A LOS QUERELLANTES-APELANTES DE SU DÍA EN CORTE Y ACOGIENDO LOS ALEGADOS "HECHOS INCONTROVERTIDOS" ESBOZADOS POR LA PARTE QUERELLADA-APELADA.**

Por su parte, la Distribuidora Lebrón radicó un *Alegato en Oposición a Apelación* el 14 de abril de 2025. En síntesis, sostuvo que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no identificaron cuáles de los hechos estaban en controversia y requerían que se les

---

[11] *Íd.*, Anejo 5, pág. 40. Notificada y archivada en autos el 8 de enero de 2025.

realizara una determinación de credibilidad. La Distribuidora Lebrón adujo que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo tampoco se opusieron a la solicitud de sentencia sumaria, y que los hechos de esta última estaban debidamente apoyados por prueba admisible. Por lo tanto, expuso que, según los hechos incontrovertidos y la prueba recopilada, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no fueron despedidos de su empleo por represalias, y, por ende, procedía que confirmáramos la determinación apelada.

## II.

### A.

La Regla 36.1 de Procedimiento Civil, *supra*, R. 36.1, establece el mecanismo procesal de la sentencia sumaria. El propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales y que no requieren ventilarse en un juicio plenario. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). Mediante este procedimiento, una parte puede solicitar que el tribunal dicte sentencia sumaria sobre la totalidad o parte de la reclamación, y así se promueve la descongestión de calendarios. *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004).

De igual modo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). Al evaluarse los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia, consciente en todo momento de que su determinación

puede privar a una de las partes de su día en corte. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). De la mano con este precepto del debido proceso de ley, el juzgador deberá utilizar el principio de liberalidad a favor del opositor de la moción, lo cual implica que, de haber dudas sobre la existencia de controversias de hechos materiales, entonces deberán resolverse a favor de la parte que se opone a la moción de sentencia sumaria. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 138 (2015); *Ramos Pérez v. Univisión,* 178 DPR 200, 216-217 (2010).

Además, nuestro máximo foro ha establecido que no es aconsejable dictar una sentencia sumaria cuando existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC,* 208 DPR 263, 278 (2021). Sin embargo, "nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando surge de los documentos que se considerarán en la solicitud de sentencia sumaria la inexistencia de una controversia en torno a los hechos materiales". *Cruz Cruz v. Casa Bella Corp.,* 213 DPR 980, 993 (2024).

Para prevalecer en una moción de sentencia sumaria, su promovente tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a ningún hecho material, o sea, ningún elemento de la causa de acción. *Meléndez González et al. v. M. Cuebas, supra,* pág. 110. Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo. *Ramos Pérez v. Univisión, supra,* pág. 213. Además:

> [U]na controversia no es siempre real o sustancial, o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. La fórmula, debe ser, por lo tanto, que la moción de sentencia sumaria

adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor. Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria. *Íd.,* págs. 213-214 (*citando a* P. E. Ortiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria,* 3 (Núm. 2) Forum 3, 8 (1987)).

En suma, deberá demostrar que: (1) no es necesario celebrar una vista; (2) el demandante no cuenta con evidencia para probar algún hecho sustancial; y (3) procede como cuestión de derecho. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 317.

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material a la controversia y, en ese sentido, no es cualquier duda la suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas, supra.* En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales. *Íd.* (*citando a Ramos Pérez v. Univisión, supra,* pág. 214). Además, la parte promovida tiene que puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición. *León Torres v. Rivera Lebrón, supra,* pág. 44. Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Íd.* De esta forma, no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *SLG Zapata-Rivera v. JF Montalvo,* supra; *Ramos Pérez v. Univisión, supra,* pág. 215; *Cruz Marcano v. Sánchez Tarazona,* 172 DPR 526, 550 (2007).

Según la Regla 36.3(b) de Procedimiento Civil, *supra,* R. 36.3(b), la parte debe presentar la contestación a la moción de

sentencia sumaria dentro dentro del término de veinte (20) días de su notificación. Si dicha parte no presenta la contestación dentro de este término, "se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal". Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3(e).

Entretanto, la Regla 36.3 de Procedimiento Civil, *supra*, establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3(a) de Procedimiento Civil, *supra*, R. 36.3(a), dispone que tendrá que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
> (6) el remedio que debe ser concedido.

Por otra parte, la Regla 36.3(b) de Procedimiento Civil, *supra*, señala que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable.

De otra parte, en *Meléndez González et al. v. M. Cuebas, supra,* el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria.

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, *supra,* R. 36, y los criterios que la jurisprudencia le exige al foro primario. *Meléndez González et al. v. M. Cuebas, supra,* pág. 115. Asimismo, deberá examinar el expediente de la manera más favorable hacia la parte promovida, llevando a cabo todas las inferencias permisibles a su favor. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia.

En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra. Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra,* R. 36.4. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal

de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. Íd., pág. 119.

**B.**

La Ley Núm. 115-1991, *supra*, se aprobó con el propósito de proteger a todo empleado que sea despedido, amenazado u objeto de discrimen en su empleo o cargo, por haber ofrecido testimonio ante un foro administrativo, judicial o legislativo. *Velázquez Ortiz v. Mun. De Humacao*, 197 DPR 656, 668-669 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 135-136 (2013). El término "empleado" es definido como "cualquier persona que preste servicios a cambio de salarios, o cualquier tipo de remuneración, mediante un contrato oral, escrito, explícito o implícito". Artículo 1 de la Ley Núm. Ley Núm. 115-1991, *supra*, sec. 194.

En lo pertinente, el Artículo 2(a) de la Ley Núm. 115-1991, *supra*, sec. 194b, dispone lo siguiente:

> Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, verbalmente o por escrito, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

Cualquier persona que alegue una violación a esta ley podrá instar una acción civil en contra del patrono dentro de un término de tres (3) años, a partir de la fecha en que ocurrió dicha violación, y solicitar que se le compense por daños, restitución en el empleo, salarios dejados de devengar, beneficios y honorarios de abogado. Artículo 2(b) de la Ley Núm. 115-1991, *supra*, sec. 194b. *Cordero Jiménez v. UPR*, *supra*, págs. 136-137. La responsabilidad del patrono respecto a los daños y los salarios dejados de devengar será

doble de la cuantía que se determine que haya causado la violación a las disposiciones de esta ley. *Íd.*

Ahora bien, existen dos vías que tienen los empleados para establecer una causa de acción por represalias. Artículo 2(c) de la Ley Núm. 115-1991, *supra,* sec. 194b; *Velázquez Ortiz v. Mun. De Humacao, supra,* págs. 670-671. Por la vía directa, el empleado debe valerse de prueba directa o circunstancial para demostrar un nexo causal entre la conducta del demandado y el daño sufrido. *Rivera Menéndez v. Action Service,* 185 DPR 431, 445 (2012). Por la vía indirecta, el empleado puede establecer un caso *prima facie* de violación probando que participó en una actividad protegida por esta ley y que, posteriormente, fue subsiguientemente despedido, amenazado o discriminado en contra de su empleo. Artículo 2(c) de la Ley Núm. 115-1991, *supra,* sec. 194b; *Rivera Menéndez v. Action Service, supra,* pág. 445. Tan pronto se establezca lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegarse y fundamentarse dicha razón, el empleado debe demostrar que la razón alegada por el patrono era un mero pretexto para el despido. *Íd.*; *Rivera Menéndez v. Action Service, supra,* pág. 446.

Respecto al segundo criterio para establecer un caso *prima facie,* nuestro Tribunal Supremo definió la palabra "subsiguiente" como aquel "acto '[q]ue sigue *inmediatamente* aquello que se expresa o sobreentiende' ". *Feliciano Martes v. Sheraton, supra,* pág. 399 (Énfasis suplido en el original) (*citando a* Real Academia Española, *Diccionario de la Lengua Española,* 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. II, pág. 2101). Por lo tanto, al establecer un caso *prima facie,* "el empleado no se enfrentar[á] a un proceso probatorio oneroso, sino que bastar[á] su comprobación de que la acción adversa que experimentó ocurrió *al poco tiempo* de haber incurrido

en la alegada actividad protegida". *Íd.*, págs. 399-400; *Velázquez Ortiz v. Mun. De Humacao, supra,* pág. 671.

No empece lo anterior, no todo caso se configura dentro de un espacio temporal que pueda catalogarse como de *poco tiempo.* Respecto a ello, nuestro máximo foro expresó lo siguiente:

> **Sin embargo, no todo caso se configura dentro de un espacio temporal que pueda catalogarse como de *poco tiempo.* Ante tales circunstancias, la proximidad temporal, como inferencia de causalidad, resulta insuficiente, por lo que se requiere entonces que el empleado constate elementos adicionales que comprueben la existencia de un nexo causal entre la actividad protegida y la acción disciplinaria adversa.** Así, el trabajador deberá presentar evidencia que establezca: (1) que fue tratado de forma distinta a otros empleados; (2) que existió un patrón de conducta antagónica en su contra; (3) que las razones articuladas por el patrono para fundamentar su acción adversa están plagadas de incongruencias, o (4) cualquier otra evidencia que obre en el expediente para establecer el elemento del nexo causal. Lo anterior implica, necesariamente, un acercamiento caso a caso.
>
> Claro está, hacemos la salvedad de que el análisis previamente esbozado solo satisface cuando el empleado establece un caso prima facie por represalias. Ello, pues una vez el patrono logre articular una razón no represiva para la acción adversa que tomó, se requerirá del empleado que, por preponderancia de la prueba, se valga de factores adicionales a la proximidad temporal para comprobar que las razones articuladas por el patrono no son más que meros pretextos destinados a ocultar el verdadero ánimo represivo.
>
> *Feliciano Martes v. Sheraton, supra,* pág. 400 (Énfasis suplido).

### III.

Por estar íntimamente relacionados, procederemos a discutir los errores señalados en conjunto. Así, la controversia que tenemos ante nos es si procedía resolver sumariamente la causa de acción sobre represalias presentada en contra de la Distribuidora Lebrón.

A juicio del foro primario, la Distribuidora Lebrón demostró que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no establecieron un caso *prima facie* en cuanto a dicha causa de acción. Determinó que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no alegaron ni un solo hecho específico mediante el cual se podía sostener la misma,

y tampoco participaron de una actividad protegida Ley Núm. 115-1991, *supra,* dentro de un término de tiempo adecuado para cumplir con el requisito de tiempo de la proximidad temporal necesario para que se configurara la reclamación de represalias. Específicamente, el foro primario concluyó que, al haber transcurrido seis (6) meses, desde el momento en que culminó la actividad protegida hasta el momento de la cesantía, ese número de meses no podían considerarse "poco tiempo" como para establecer el requisito de "proximidad temporal" en el presente caso. Además, indicó que no controvirtieron el hecho de que estos continuaron laborando bajo las mismas condiciones de empleo que poseían previo a participar de las alegadas actividades protegidas por la Ley Núm. 115-1991, *supra.* Igualmente, sostuvo que la Distribuidora Lebrón logró demostrar, como hechos incontrovertidos, que las alegaciones del Sr. Ruiz Martínez y del Sr. Figueroa Lorenzo, en cuanto a la reducción de la jornada laboral y la negativa al pago de horas no trabajadas, no constituyeron represalia. Luego de acoger los hechos y los fundamentos de la solicitud sentencia sumaria parcial, y por lo anterior, declaró Con Lugar la moción de sentencia sumaria parcial, y, en su consecuencia, desestimó la causa de acción de represalias.

Por su parte, si bien el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no presentaron una oposición a la solicitud de sentencia sumaria, insatisfechos con la decisión del foro *a quo,* comparecieron ante nos y arguyeron que el TPI había incidido en su determinación. Lo anterior, pues arguyeron que existían hechos esenciales en controversia y la moción de sentencia sumaria era insuficiente.

Por otro lado, la Distribuidora Lebrón sostuvo que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no identificaron cuáles de los hechos estaban en controversia y requerían que se les realizara una determinación de credibilidad. La Distribuidora Lebrón adujo que el

Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo tampoco se opusieron a la solicitud de sentencia sumaria, y que los hechos de dicha solicitud estaban debidamente apoyados por prueba admisible.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario no incidió en su determinación.

Como pormenorizamos anteriormente, según *Meléndez González et al. v. M. Cuebas*, *supra*, el primer paso del estándar de revisión de las solicitudes de sentencia sumaria es revisar el expediente *de novo* de la forma más favorable para la parte que se opuso a la solicitud de sentencia sumaria, y aplicar los mismos criterios de la Regla 36 de Procedimiento Civil, *supra*. De igual modo, el segundo pilar exige que revisemos que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de Procedimiento Civil, *supra*. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118. En el presente caso, la *Solicitud de Sentencia Sumaria Parcial* presentada por la Distribuidora Lebrón cumplió con los requisitos de forma del inciso (a) de la Regla 36.3 de Procedimiento Civil, *supra*, pues incorporó una exposición breve de las alegaciones de las partes; que no existían asuntos en controversia; la reclamación respecto a la cual fue solicitada la sentencia sumaria; una relación concisa, organizada y en párrafos enumerados de los hechos materiales sobre los cuales no había controversia sustancial, con indicación de la prueba documental; las razones por las que debería dictarse la sentencia argumentando el derecho aplicable; y el remedio que debería ser concedido.

Por otro lado, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no presentaron oposición a la solicitud de sentencia sumaria. Es harto conocido que la parte que se opone a la solicitud de sentencia sumaria debe presentar la contestación a la misma dentro dentro del término de veinte (20) días de su notificación. Regla 36.3(b) de Procedimiento Civil, *supra*. Si dicha parte no presenta la

contestación dentro de este término, "se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal". Regla 36.3(e) de Procedimiento Civil, *supra.* De una lectura cuidadosa del expediente, la Distribuidora Lebrón radicó su solicitud de sentencia sumaria el 14 de septiembre de 2022. Así, el 27 de septiembre de 2022, el foro primario emitió una *Orden* en la que le concedió al Sr. Ruiz Martínez y al Sr. Figueroa Lorenzo diez (10) días para presentar su posición. **Luego de más de dos (2) años** desde la presentación de la solicitud de sentencia sumaria, la Distribuidora Lebrón radicó una *Moción para que se dé por sometida, sin oposición, la Solicitud de Sentencia Sumaria Parcial presentada por las co-querelladas* el 18 de diciembre de 2024, pues el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo todavía no habían radicado su oposición. Ante tales circunstancias, el TPI emitió una *Orden* el 8 de enero de 2025 en la que determinó que, vencido el término del Sr. Ruiz Martínez y del Sr. Figueroa Lorenzo para oponerse a la solicitud de sentencia sumaria, al igual que el término para oponerse a la moción para que se diera por admitida la solicitud de sentencia sumaria sin oposición, declaró Ha Lugar esta última y dio por la solicitud de sentencia sumaria sin oposición. En otras palabras, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo tuvieron amplia oportunidad para presentar su contestación, y nunca lo hicieron.

Ante lo anterior, la solicitud de sentencia sumaria cumplió con los requisitos de forma de la Regla 36.3 de Procedimiento Civil, *supra,* y la misma se dio por admitida sin oposición, conforme al inciso (e) de dicha regla, *supra.*

Habiendo cumplido con los primeros dos eslabones del análisis apelativo sobre las solicitudes de sentencia sumaria, debemos evaluar como tercer paso si en realidad existen hechos materiales en controversia. De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, *supra,*

y exponer cuáles son los hechos materiales que están en controversia y cuáles están incontrovertidos.

En el presente caso, la Distribuidora Lebrón radicó una sentencia sumaria con unos hechos propuestos como incontrovertidos apoyados de prueba documental incluyendo algunas páginas de las transcripciones de las deposiciones del Sr. Ruiz Martínez y del Sr. Figueroa Lorenzo;[12] la contestación de la Distribuidora Lebrón al interrogatorio cursado por ambos empleados;[13] y la contestación de dicha compañía al requerimiento de admisiones cursado por el Sr. Figueroa Lorenzo.[14]

Según surge del expediente, la Distribuidora Lebrón se dedicaba a la venta y distribución de alimentos y otros productos en distintas partes de Puerto Rico. En el caso del Sr. Ruiz Martínez, este comenzó a trabajar para la empresa el 28 de agosto de 2006, y su último día fue el 27 de marzo de 2020. Por su parte, el Sr. Figueroa Lorenzo comenzó a trabajar en la empresa el 15 agosto de 2011 y su último día fue el 27 de marzo de 2020. Tanto el Sr. Ruiz Martínez como el Sr. Figueroa Lorenzo trabajaron en dicha compañía como asistentes de chofer para marzo de 2020. Estos se encargaban de montar y descargar mercancía para los clientes; de asegurarse que la entrega de la mercancía se realizara conforme a la orden; realizaban compras y trabajaban en el almacén.

Durante la mayor parte del tiempo que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo estuvieron trabajando en la empresa, laboraron una jornada que excedía de cuarenta (40) horas. A partir del 2015, todos los empleados experimentaron una reducción de horas dado a una merma significativa en el volumen de trabajo. Lo anterior, a tal punto que, de trabajar cinco (5) días a la semana, el

---

[12] Apéndice del recurso apelación, Anejo 4, págs. 37-62; *Íd.*, págs. 82-107.
[13] *Íd.*, págs. 63-81.
[14] *Íd.*, págs. 108-119.

horario de trabajo se redujo a tres (3) días a la semana, y esta reducción de jornada impactó a los choferes y asistentes de choferes por igual. Asimismo, para marzo de 2020, ambos comenzaron a laborar una jornada variable de alrededor de treinta (30) horas a la semana también, la cual impactó también a los demás choferes y asistentes de choferes.

No empece lo anterior, el 27 de marzo de 2020, el último día de ellos laborar en la empresa, el supervisor de ambos, el Sr. Morales, le indicó al Sr. Figueroa Lorenzo que tenían que cerrar a la Distribuidora Lebrón dado a la pandemia y que les iba a avisar después si había trabajo, más no lo hizo. Ante ello, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo instaron la *Querella* de epígrafe arguyendo que la Distribuidora Lebrón actuó en represalia por estos haber incurrido en unas actividades protegidas por la Ley Núm. 115-1991, *supra*; a saber, la presentación de una demanda en concepto de salarios por parte del Sr. Figueroa Lorenzo en contra de la Distribuidora Lebrón el 16 de abril de 2015; una demanda en concepto de salarios radicada el 21 de marzo de 2017 por el Sr. Ruiz Martínez en contra de la Distribuidora Lebrón; y una reclamación presentada por otro empleado en contra de la compañía, para la cual citaron al Sr. Ruiz Martínez y al Sr. Figueroa como testigos.

Respecto a la reclamación instada el 16 de abril de 2015 por el Sr. Figueroa Lorenzo en contra de la Distribuidora Lebrón en el caso ISCI201500466, esta <u>fue resuelta el 17 de abril de 2017</u> por medio un desistimiento con perjuicio por estipulación, y, en cambio, el Sr. Figueroa Lorenzo recibió compensación monetaria. Según el Sr. Figueroa Lorenzo, para principios y últimos meses del año 2019, la compañía contrató a empleados por dos o tres semanas, reduciendo así su jornada laboral. No obstante, sostuvo que, cuando concluyeron estas semanas, su jornada volvió a ser la misma. A pesar de lo anterior, el Sr. Figueroa Lorenzo admitió en su

deposición que los términos y condiciones de su trabajo fueron los mismos hasta su último día de trabajo.[15]

En cuanto a la reclamación presentada por el Sr. Ruiz Martínez el 21 de marzo de 2017 en el caso ISCI201700305, esta <u>fue resuelta el 5 de junio de 2017</u>, a través de un desistimiento con perjuicio por estipulación y este recibió una compensación monetaria. El Sr. Ruiz Martínez sostuvo que, durante seis (6) meses luego de presentar la misma, se le asignó la compra de la ruta más abarcadora. Adujo que, cuando terminaba dicha ruta, tenía que realizar la compra de las rutas de sus compañeros. Sin embargo, admitió que sus condiciones de empleo, incluyendo su salario, no fueron alteradas tras la presentación de dicha querella.[16]

En el caso I1CI201800120, otro empleado de la Distribuidora Lebrón, el Sr. Vargas Rodríguez, radicó una demanda en contra de dicha compañía, y <u>fue resuelto el 11 de septiembre de 2019</u> por un acuerdo transaccional entre las partes. Durante el juicio, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo fueron citados para testificar, por lo que le solicitaron a la Distribuidora Lebrón unos días libres. Sin embargo, el juicio se suspendió y se reportaron a trabajar uno de esos días. Cuando se reportaron, les indicaron que no podían ponchar. El Sr. Ruiz Martínez expuso que no había estado en el itinerario para realizar la entrega porque tenían autorización para reportarse en el tribunal. Arguyó que esta actuación había sido un alegado acto de represalia, y <u>el segundo alegado acto en represalia fue la cesantía que ocurrió seis (6) meses después de la resolución de dicho pleito</u>.[17] Ciertamente, conforme a la prueba y los hechos materiales que surgen de la solicitud de sentencia sumaria, no existen hechos materiales en controversia. Por lo tanto, lo único que

---

[15] *Íd.*, págs. 101, L 25; *Íd.*, págs. 102, L 1-3.
[16] *Íd.*, pág. 51, L 1-17.
[17] *Íd.*, pág. 60, L 19-25; *Íd.*, pág. 61, L 1-9.

resta es determinar si el TPI aplicó correctamente el derecho a los hechos.

Según pormenorizamos en la sección anterior, existen dos vías por las cuales los empleados pueden establecer una causa de acción en concepto de represalias, bajo la Ley Núm. 115-1991, *supra*. Por medio de la forma directa, el empleado debe valerse de prueba directa o circunstancial para demostrar un nexo causal entre la conducta del demandado y el daño sufrido. *Rivera Menéndez v. Action Service, supra*, pág. 445. Por la vía indirecta, el empleado puede establecer un caso *prima facie* de represalia probando que participó en una actividad protegida por esta ley y que fue subsiguientemente despedido, amenazado o discriminado en contra de su empleo. Artículo 2(c) de la Ley Núm. 115-1991, *supra*, sec. 194b; *Rivera Menéndez v. Action Service, supra*, pág. 445. Tan pronto se establece lo anterior, el patrono debe alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegarse y fundamentarse dicha razón, el empleado debe demostrar que la razón alegada por el patrono era un mero pretexto para el despido. *Íd.*; *Rivera Menéndez v. Action Service, supra*, pág. 446.

En el presente caso, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo presentaron reclamaciones en contra de la Distribuidora Lebrón, pero, además, fueron citados para testificar en un tercer pleito en el cual no eran parte. Las primeras dos reclamaciones fueron resueltas en el año 2017. En cambio, el pleito en el cual fueron citados fue resuelto el 11 de septiembre de 2019 y el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo fueron cesanteados el 27 de marzo de 2020. A raíz de este último caso, arguyeron que la Distribuidora Lebrón actuó en represalias por impedirles ponchar los días que habían sido citados para juicio y <u>al despedirlos seis meses después de la resolución del caso</u>.

En primer lugar, la Distribuidora Lebrón no actuó en represalia con relación a los días que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo acudieron a dicha empresa a trabajar. El propio Sr. Ruiz Martínez indicó en su deposición que los días que habían sido citados para el juicio no estaban en el itinerario, precisamente porque tenían la citación ante el foro primario.[18] Además, indicó que él había pedido el día libre porque tenía que reportarse al tribunal, por lo que no tenía trabajo el lunes ni martes.[19]

Si fuera poco, tal como admitió el propio Sr. Ruiz Martínez, la cesantía ocurrió el 27 de marzo de 2020; es decir, seis meses luego del 11 de septiembre de 2019, fecha en la cual el TPI resolvió el caso en el cual fueron citados él y el Sr. Figueroa Lorenzo para prestar sus testimonios. Aunque no prestaron sus testimonios porque el pleito se resolvió por estipulación, ciertamente, intentar ofrecer verbalmente información ante un foro judicial constituye una actividad protegida por la Ley Núm. 115-1991, *supra*, sec. 194b. Sin embargo, si bien ambos empleados llevaron a cabo una actividad protegida, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo incumplieron con el requisito de ser despedidos *subsiguiente* a la actividad protegida. Artículo 2(c) de la Ley Núm. 115-1991, *supra*, sec. 194b.

Nuestro máximo foro ha establecido que el acto en represalia es aquel que sigue <u>inmediatamente</u> a aquello que se expresa o se sobreentiende; en este caso, la resolución del pleito. *Feliciano Martes v. Sheraton, supra*, pág. 399. No obstante, seis meses no constituye *poco tiempo.* En otras palabras, la proximidad temporal fue insuficiente como inferencia de causalidad y se requería que el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo constataran elementos adicionales para comprobar el nexo causal entre la actividad

---

[18] *Íd.*, pág. 59, L 18-19.
[19] *Íd.*, pág. 58, L 8-24.

protegida y la acción disciplinaria adversa; a saber, tenían que probar que (1) fueron tratados de forma distinta a otros empleados; (2) existió un patrón de conducta antagónica en su contra; (3) las razones articuladas por el patrono para fundamentar su acción adversa están plagadas de incongruencias, o (4) cualquier otra evidencia que obre en el expediente para establecer el elemento del nexo causal. *Feliciano Martes v. Sheraton*, *supra*, pág. 400. Sin embargo, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no demostraron ningún elemento adicional para establecer un caso *prima facie* de represalia. Inclusive, a pesar de haber alegado que no se pudieron reportar al trabajo los días que estaban citados en el tribunal- asunto que no constituyó represalia- no controvirtieron el hecho que continuaron laborando bajo las mismas condiciones de empleo que poseían previo a participar de las alegadas actividades protegidas por la Ley Núm. 115-1991, *supra*.

A la luz de los anterior, el Sr. Ruiz Martínez y el Sr. Figueroa Lorenzo no lograron demostrar que la Distribuidora Lebrón actuó en represalia en contra de ellos. Consiguientemente, resolvemos que el TPI no incidió al desestimar la reclamación de represalias por medio de una sentencia sumaria parcial.

## IV.

Por las razones discutidas anteriormente, confirmamos la *Sentencia Sumaria Parcial Final* apelada. Se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones